**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4561

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN SHEVIN SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00271-RBD-2)

Submitted: October 15, 2020                    Decided: October 23, 2020

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant. Paul Michael Cunningham, Assistant United States Attorney, Paul Anthony Riley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Shevin Smith appeals from his convictions and the 141-month sentence imposed after he was convicted of one count each of conspiracy to interfere with interstate commerce by robbery and interfering with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); and using, carrying, and brandishing a firearm in relation to a crime of violence ("the firearms charge"), in violation of 18 U.S.C. § 924(c). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the district court erred when it denied Smith's motion to dismiss the firearms charge because Hobbs Act robbery, in violation of § 1951(a), is no longer a "crime of violence" after *Johnson v. United States*, 576 U.S. 591, 597 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague). Smith was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has not filed a responsive brief. After reviewing the district court record, we affirm.

Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Although the Supreme Court has concluded that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, __ U.S. __, __, 139 S. Ct. 2319, 2336 (2019), the force clause in § 924(c)(3)(A) remains intact. Furthermore, this court has confirmed that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Counsel's argument is thus foreclosed by *Mathis*.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Smith's convictions and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*